Gjuraj v. Garland

BIA
Douchy, IJ
A205 825 356

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand twenty-three.

PRESENT:
    WILLIAM J. NARDINI,
    BETH ROBINSON,
    ALISON J. NATHAN,
        *Circuit Judges.*
_____

ORLAND GJURAJ,
        *Petitioner*,

        v.                                                          **20-3086**
                                                                    **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

**FOR PETITIONER:**             Gregory Marotta, Esq., Vernon, NJ.

**FOR RESPONDENT:**             Brian Boynton, Acting Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Orland Gjuraj, a native and citizen of Albania, seeks review of an August 31, 2020 decision of the BIA affirming a May 22, 2018 decision of an Immigration Judge ("IJ") denying Gjuraj's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Orland Gjuraj*, No. A205 825 356 (B.I.A. Aug. 31, 2020), *aff'g* No. A205 825 356 (Immig. Ct. N.Y. City May 22, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review an adverse credibility determination under a substantial evidence standard, *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of

2

fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal inconsistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the adverse credibility determination in this case. Gjuraj alleged past persecution on account of his and his family's affiliation with the Democratic Party of Albania. The agency did not err in discounting his claim based on similarities between his application and applications filed by other asylum applicants. When the appropriate procedural safeguards are followed, "inter-proceeding similarities" are a valid basis for an adverse credibility finding. *Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 520, 526 (2d Cir. 2007). The IJ complied with the BIA's three-step

3

process for ensuring that reliance on the similarities was fair.* *See In re R-K-K-*, 26 I. & N. Dec. 658, 661 (B.I.A. 2015). First, the IJ gave meaningful notice—the government questioned Gjuraj about the similarities and the IJ gave him 60 days to study the evidence and respond. Second, the IJ gave him an opportunity to explain the similarities by filing a written statement. Third, the IJ considered the totality of the circumstances by assessing the similarities, Gjuraj's explanations, and his documentary evidence.

We decline to grant review based on petitioner's argument that the IJ erred in admitting evidence of similar applications without a proper foundation. The Federal Rules of Evidence do not apply in removal proceedings; rather, "evidence is admissible provided that it does not violate the [undocumented immigrant's] right to due process of law." *Aslam v. Mukasey*, 537 F.3d 110, 114 (2d Cir. 2008). Petitioner never raised this argument before the IJ, which would have enabled the government to attempt to authenticate the documents. During the hearing, petitioner did not question the authenticity of the records of similar applications. *See* Certified Administrative Record ("CAR") 153–63. In his post-trial written closing arguments, petitioner did not challenge

---

* Gjuraj does not challenge the adequacy of the three-step framework adopted by the BIA to evaluate credibility determinations relating to inter-proceeding similarities. *See Mei Chai Ye*, 489 F.3d at 524 (encouraging BIA to provide "expert guidance as to the most appropriate way to avoid mistaken findings of falsity, and yet identify instances of fraud"); *id*. at 526 (noting that the Court's holding regarding inter-proceeding similarities does not preclude the BIA from "developing more appropriate guidelines of its own"). Instead, he argues only that the BIA failed to properly apply its framework. For that reason, we need not in this case rule on the adequacy of the BIA's three-step process for evaluating these claims.

the admission of the similar applications, as opposed to the inferences the IJ drew from those records, even though at the end of the hearing the IJ specifically suggested that counsel address the admission of the other applications in his post-trial written closing arguments. *See* CAR 185, 212-14. And petitioner now offers no basis to question the authenticity of the records. On this record, we cannot conclude that admission of the evidence was fundamentally unfair. *Aslam*, 537 F.3d at 114 ("[D]ue process is . . . satisfied in immigration proceedings if the evidence is probative and its use is fundamentally fair . . . ." (citation and quotation marks omitted)).

Moreover, we find no merit to Gjuraj's argument that the use of the unrelated asylum statements violated the confidentiality requirements in 8 C.F.R. § 208.6 because the applications were redacted to prevent any link between the applications and specific individuals. *See Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 263–64 (2d Cir. 2006) (discussing when confidentiality relating to asylum applications is breached).

The IJ was not required to accept Gjuraj's explanations for the similarities, especially given that the explanations were inconsistent as to whether Gjuraj or the immigration consultant prepared his statement and they did not confirm the reliability of Gjuraj's own application. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (citation and quotation marks omitted)).

The IJ also reasonably concluded that Gjuraj's documentary evidence did not rehabilitate his claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). As the IJ found, Gjuraj's medical report was similar to a report submitted in other proceedings and did not corroborate his testimony regarding his injuries, and the death certificate for Gjuraj's mother did not match his testimony regarding her date of death or confirm that she was murdered.

Given the extensive similarities between Gjuraj's application and the unrelated asylum statements, his lack of compelling explanation for those similarities, and the lack of reliable corroboration, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Mei Chai Ye*, 489 F.3d at 526. The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6